IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY CALLAHAN, | : | CIVIL ACTION |
| | : | NO. 02-3853 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA THEATRICAL | : | |
| GROUP, LTD., ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this **19th** day of **December, 2002**, after a hearing with counsel for the parties and upon consideration of defendants' motion for summary judgment (doc. no. 15) and plaintiff's response thereto (doc. no. 17), it is hereby **ORDERED** that defendants' motion is **DENIED**.[1]

---

[1] Defendants' moved for summary judgment on two grounds. First, defendants argue that under the "borrowed employee" doctrine, see JFC Temps, Inc. v. Workmen's Compensation Appeal Board, 545 Pa. 149,153, 680 A.2d 862 (1996), plaintiff was an employee of defendants acting within the scope and course of his employment when he was injured, and that therefore, plaintiff's recovery against defendants is limited to that which was provided for under Workers' Compensation. Secondly, defendants argue that defendant B.V. Theatrical Ventures, Inc. ("Ventures") cannot be vicariously liable to plaintiff for the injuries caused to plaintiff by the negligence of Todd Frank because Ventures did not exercise sufficient control over Mr. Frank so as to make Ventures vicariously liable for Mr. Frank's negligence.

With regards to the borrowed employee doctrine, the Pennsylvania Supreme Court has stated that "the test for determining whether a servant furnished by one person to another becomes the employee of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done, but also the manner of

**AND IT IS SO ORDERED.**

                                          **EDUARDO C. ROBRENO,   J.**

---

performing it." JFC Temps, Inc., 545 Pa. at 153 (citations omitted). Moreover, "[t]he entity possessing the right to control the manner of the performance of the servant's work is the employer, irrespective of whether the control is actually exercised." Id. (citations omitted and emphasis added).

       In this case, the parties agree that defendants had the right to control the work that was to be done by plaintiff. This finding, however, is not conclusive. The relevant inquiry is whether defendants had the right to control the manner in which the work was performed. As to this issue, the parties have offered conflicting evidence, independent of the affidavit of John Callahan, which raises a genuine issue of material fact to be decided by the jury. See Fed. R.Civ. Pro. 56(c).

       With regards to defendants' argument that Ventures cannot be held vicariously liable for the negligence of Mr. Frank, the court concludes that this contention is in direct opposition to the well settled principle of respondeat superior, which provides that an employer is vicariously liable for the negligent acts of his employee which cause injury to a third party, provided that such acts were committed during the course and within the scope of the employment. See Valles v. Albert Einstein Med. Ctr., 758 A.2d 1238, 1244 (Pa. Super. 2000).