IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY CALLAHAN | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 02-CV-3853 |
| B.V. THEATRICAL VENTURES, INC. | : |
| and | : |
| BUENA VISTA THEATRICAL GROUP, LTD. | : |
| Defendants. | : |

## ORDER

And now, this ___ day of _____, 2002, upon consideration of Plaintiff's Motion *in Limine* to Preclude Parole Evidence Contradicting Written Agreement, and Defendants' Opposition to Plaintiff's Motion *in Limine*, it is hereby ORDERED that the motion is DENIED.

_____
Judge Eduardo C. Robreno

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY CALLAHAN | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 02-CV-3853 |
| B.V. THEATRICAL VENTURES, INC. | : |
| and | : |
| BUENA VISTA THEATRICAL GROUP, LTD. | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE
PAROLE EVIDENCE CONTRADICTING WRITTEN AGREEMENT**

Defendants Buena Vista Theatrical Group, Ltd. ("Buena Vista") and B.V. Theatrical Ventures, Inc. ("B.V. Ventures") respectfully submit this Memorandum of Law in opposition to Plaintiff's Motion *in Limine* to Preclude Parole Evidence Contradicting Written Agreement.

I.   INTRODUCTION

In his Motion *in Limine*, Plaintiff argues that testimony at trial that supports Buena Vista's argument that it had the right to control the work Plaintiff did and the manner in which he performed his work is inadmissible "parole evidence." According to Plaintiff's brief, any such testimony would be inadmissible parole evidence because the Agreement between Buena Vista and Shubert provides that production labor was employed by Shubert and is "silent" as to who has the right to control. Plaintiff's Motion *in Limine* is faulty and should be denied.

This action does not involve a dispute between parties to a contract over the meaning of the contract. Instead, this action involves a workplace injury and whether the workers' compensation act bars plaintiff's claims. Although language in a contract may be a relevant

PHLIT\423158\1

factor in determining who has the right to control the plaintiff-employee, it is well-established that contract language between potential employers is not determinative, and Courts have looked to the conduct of the parties to determine who had the right to control the employee. Moreover, Richardson v. Walsh Construction Co., 334 F.2d 334 (3d Cir. 1964), the only case Plaintiff cites in support of its Motion, is entirely inapplicable to the case at bar. The Court in Richardson did not address whether the evidence at issue was relevant in determining who had the right to control. Instead, the Richardson court addressed language in a compensation agreement that the plaintiff entered into nine months after his accident, and testimony regarding conversations that occurred with the Plaintiff during negotiations, which the Court found to be *in direct contradiction* to the relevant terms of the compensation agreement.

## II. STATEMENT OF FACTS

Defendants incorporate by reference the Statement of Relevant Facts set forth in their Motion for Summary Judgment, which was filed with the court on November 20, 2002.

## III. ARGUMENT

A. **It is Well Established that Contract Language Between Potential Employers is Not Determinative of Who Has the Right to Control the Work Done by an Employee and the Manner of Performance.**

The position that Plaintiff takes in his Motion *in Limine* is contrary to established caselaw. In Parker v. Marriott Corp., Civ. A. No. 93-2059, 1995 U.S. Dist. LEXIS 6261 (E.D. Pa. May 5, 1995), aff'd, 77 F.3d 463 (3d Cir. 1996), Your Honor determined that language in a contract between potential employers that refers to one party as the employer does not establish control, and that the actual conduct of the parties to the contract is the relevant focus.

In Parker, the Plaintiff alleged that he was injured while working as a custodian at Hahnemann University Hospital when the electrical floor buffer he was operating malfunctioned.

Id. at *1. He claimed that his injury was caused by the negligence of Defendant Marriott, which was under contract with Hahnemann, to provide Hahnemann with housekeeping management services. Id. Marriott moved for summary judgment on the ground that it was acting as a borrowing employer because it controlled or held the right to control both the work Plaintiff was doing and the manner in which he was performing it. Id. at *2. Plaintiff argued that Marriott was not Plaintiff's borrowing employer because the contract between Hahnemann and Marriott provided that Plaintiff remained a "Hahnemann employee." Id. In rejecting this argument, Your Honor explained:

> This argument is easily disposed of, as the words in a contract between potential employers are not by themselves definitive on the question of control. Instead, the actual conduct of the parties to the contract is the relevant focus, and particularly, whether that conduct demonstrates which party had the right to control the work done and the manner of performing it.

Id. at *9. Your Honor granted Marriott's Motion for Summary Judgment having concluded that Marriott had established the elements of an employment relationship between itself and Plaintiff. Id. at *9. See also Wilkinson v. K-Mart, 603 A.2d 659, 662 (Pa. Super. 1992) (rejecting plaintiff's claim that the relevant contract conclusively established the issue of control, and explaining that the determining factor is the conduct of the parties).

### B.  Richardson Is Inapplicable to the Case at Bar.

Not only does Plaintiff's position contradict the findings in Parker and other courts which have addressed the factors relevant to the borrowed employee doctrine, but the only case that Plaintiff cites in support of his position is clearly inapplicable to the case at bar.

Plaintiff contends in his brief that Richardson v. Walsh Construction Co., 334 F.2d 334 (3d Cir. 1964) was a similar case in which the Third Circuit refused to permit such parole

evidence to be admitted. Richardson, however, did not involve testimony relevant to the issue of who had the right to control the Plaintiff-employee. Instead, the testimony the court rejected in Richardson related to conversations with Plaintiff during negotiations for the compensation agreement that Plaintiff entered into nine months after his accident. In addition, the Court found the testimony at issue in direct contradiction of the relevant terms of that agreement.

Richardson does not change what factors Courts consider when determining whether the Plaintiff was a borrowed employee of the defendant. And, in any event, Plaintiff only argues that the agreement between Buena Vista and Shubert was "silent" as to the right to control. Plaintiff does not point to any proposed evidence that contradicts the agreement. All evidence that Defendant Buena Vista intends to offer in support of its argument that it had the right to control Plaintiff's work is consistent with its agreement with Shubert. Under the Agreement, Buena Vista was entitled to exclusive use of the Theater for the presentation of its musical stage play Disney's "Beauty and the Beast." In addition, the Technical Specifications attached at Exhibit "B" to the Agreement contains very detailed requirements regarding the work to be done by stagehands on the production, such as Mr. Callahan. Agreement at Ex. "B." For example, Buena Vista's requirements regarding work performed on the production included such details as the size of the show deck, the amount of clearance required from deck and grid, the clearance required for advance load-in, the amount of clearfly space, the placement of holes for hanging motors, the length and weight of the stage trusses, and the color of clothes to be worn by stagehands. Also relevant, although not determinative of control, is the requirement under the Agreement that Buena Vista reimburse Shubert for all salaries, FICA, unemployment insurance and *workers' compensation insurance premiums,* and other actual costs relating to production labor. Accordingly, evidence outside of the agreement between Buena Vista and Shubert that

supports Buena Vista's borrowed employee defense does not contradict the terms of the agreement.

## IV. CONCLUSION

Plaintiff's Motion *in Limine* to Preclude Parole Evidence Contradicting Written Agreement is not supported by the relevant caselaw or facts. Accordingly, Defendants respectfully request that Plaintiff's Motion *in Limine* be denied.

December 24, 2002

                                            
Nancy H. Marvel
Attorney Identification No. 74916
Dwayne F. Stanley
Attorney Identification No. 86081
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996

Attorneys for Defendants
Buena Vista Theatrical Group, Ltd.
and B.V. Theatrical Ventures, Inc.

## CERTIFICATE OF SERVICE

       I, Nancy Harris Marvel, Esquire, hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE PAROLE EVIDENCE CONTRADICTING WRITTEN AGREEMENT to be served upon the following person by first class mail:

                Thomas E. Kopil. Esq.
                Timby, Haft, Kopil & Sacco
                The Barclay Building
                330 South State Street
                Newtown, PA 18940


Dated: December 24, 2002

                                                    _____
                                                    Nancy Harris Marvel