# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY CALLAHAN | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-3853 |
| | : | |
| B.V. THEATRICAL VENTURES, INC. | : | |
| | : | |
| and | : | |
| | : | |
| BUENA VISTA THEATRICAL GROUP, LTD. | : | |
| | : | |
| Defendants. | : | |

## ORDER

And now, this ___ day of _____, 2003, upon consideration of the Motion *in Limine* of Defendants Buena Vista Theatrical Group, Ltd. and B.V. Theatrical Ventures, Inc. to Preclude Plaintiff From Seeking Damages for Losses Paid by Workers' Compensation Insurance, and any response thereto, it is hereby ORDERED that the motion is GRANTED; and

IT IS FURTHER ORDERED, that Plaintiff is precluded from seeking damages for losses that were paid by workers' compensation insurance.

_____

Judge Eduardo C. Robreno

PHLIT\425415\1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY CALLAHAN | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 02-CV-3853 |
| B.V. THEATRICAL VENTURES, INC. | : | |
| and | : | |
| BUENA VISTA THEATRICAL GROUP, LTD. | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFF FROM SEEKING DAMAGES FOR LOSSES
THAT WERE PAID BY WORKERS' COMPENSATION INSURANCE**

Defendants B.V. Theatrical Ventures, Inc. ("B.V. Ventures") and Buena Vista Theatrical Group, Ltd. ("Buena Vista") by their undersigned counsel, hereby move *in limine* to preclude Plaintiff from seeking damages for any losses that were paid by workers' compensation insurance.

In support of their Motion, Defendants rely on the arguments set forth in the accompanying Memorandum of Law, which they incorporate herein by reference.

January 16, 2003

Of Counsel:
James M. Altieri, Esq.

_____
Nancy H. Marvel
Attorney Identification No. 74916
Dwayne F. Stanley
Attorney Identification No. 86081
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania  19103-6996

Attorneys for Defendants
Buena Vista Theatrical Group, Ltd.
and B.V. Theatrical Ventures, Inc.

PHLIT\425415\1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY CALLAHAN | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 02-CV-3853 |
| B.V. THEATRICAL VENTURES, INC. | : | |
| and | : | |
| BUENA VISTA THEATRICAL GROUP, LTD. | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM SEEKING DAMAGES FOR LOSSES THAT WERE PAID BY WORKERS' COMPENSATION INSURANCE**

## I.   INTRODUCTION

Defendants B.V. Theatrical Ventures, Inc. ("B.V. Ventures") and Buena Vista Theatrical Group, Ltd. ("Buena Vista") respectfully submit this Memorandum of Law in support of their Motion in Limine to Preclude Plaintiff From Seeking Damages for Losses That Were Paid By Workers' Compensation Insurance.

Defendants expect that Plaintiff will attempt to recover for medical expenses and lost wages incurred by him during the months following his workplace injury in November 2001, expenses which have heretofore been reimbursed through workers' compensation insurance. Although Pennsylvania's collateral source rule may permit a plaintiff double recovery for expenses paid by third parties, the collateral source rule does not apply where a plaintiff receives the benefits from a defendant named in the lawsuit. The record in this matter clearly establishes that Defendant Buena Vista funded the workers' compensation premiums that covered Plaintiff

Timothy Callahan's medical bills and lost wages. The source for these reimbursements was, therefore, direct not collateral. In that circumstance, there is no authority for the proposition that Plaintiff can recover these expenses again from defendants. Indeed, Pennsylvania law is exactly to the contrary. Accordingly, Plaintiff should be precluded from seeking damages for his medical expenses and wage loss that were paid by workers compensation funded by Defendant Buena Vista. To allow damages for these expenses would not only provide plaintiff with a double recovery, but it would also subject defendant Buena Vista to double liability.

## II.   STATEMENT OF RELEVANT FACTS

On October 1, 2001, Defendant Buena Vista and The Shubert Organization ("Shubert") entered into an agreement for the use of the Forrest Theater in Philadelphia, Pennsylvania for the "Beauty and the Beast" run from October 29, 2001 until November 26, 2001. Pursuant to Section 3.4.2 of the agreement, Buena Vista was responsible for reimbursing Shubert for all salaries related to production labor, and "all required applicable, documented and actually paid FICA, unemployment insurance and workers' compensation insurance premiums or any other actual costs" related to labor costs for the presentation. For the entire run of the "Beauty and the Beast" at the Forrest Theater, October 29, 2001 through November 26, 2001, Buena Vista paid all of the workers' compensation insurance premiums owed to Chubb for all production labor, including Mr. Callahan. See Affidavit of Alan Kosher, attached hereto at Exhibit "A."

One of the production laborers at the Forrest Theater who worked on the production of "Beauty and the Beast" was Plaintiff Timothy Callahan. Mr. Callahan was injured on November 11, 2001 while preparing for that evening's performance of the production. After Mr. Callahan was injured, he received medical treatment from various medical providers. All of the bills

incurred for Mr. Callahan's treatment were paid for by the workers' compensation carrier, Chubb.  Additionally, Mr. Callahan was paid by Chubb for lost wages.

### III.    ARGUMENT

Pennsylvania law provides that damages are to be compensatory to the full extent of the injury sustained, but should be limited to compensation and compensation alone.  Moorhead v. Crozer Chester Medical Center, 765 A.2d 786 (Pa. 2001).  Under Pennsylvania's collateral source rule, however, payments from a collateral source do not reduce the damages otherwise recoverable from the tortfeasor.  Id. at 790.  The principle behind this rule is that it is better for the wronged plaintiff to receive a potential windfall than for a tortfeasor to be relieved of responsibility for the wrong.  Id.  It is clear, however, that the collateral source rule only applies when payments are made by a *collateral* source.  See id. at 790-91.

In Moorhead, the plaintiff's decedent had fallen and injured herself while a patient at Crozer Chester Medical Center.  Crozer Chester provided medical services for these injuries, and plaintiff later commenced a medical malpractice action against Crozer Chester.  The parties agreed that the fair and reasonable value of the medical serviced rendered to the decedent was approximately $108,000. Defendant Crozer Chester, however, had accepted just over $12,000 from Medicare and Blue Cross (for which the decedent had paid the premiums) as payment in full for those services.  The Plaintiff argued that she should recover the full amount of $108,000 for medical expenses.  The Court found that the amount of $12,000 that was paid, and accepted by Crozer Chester as payment in full, for the medical services was the amount the plaintiff could recover as compensatory damages.  Additionally, the Court found that the collateral source rule was inapplicable to the $96,000 difference because that amount was not paid by a collateral

source. Id. at 790-91.  Only the $12,000 payment was made by a collateral source (Medicare and Blue Cross) and subject to the collateral source rule.  Id.

Section 920A of the Restatement, which was cited by the Court in Moorhead, explains the effect of payments made to the injured plaintiff:

> (1)  A payment made *by a tortfeasor or by a person acting for him* to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.
>
> (2)  Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.

Restatement (2d) Torts, § 920A (emphasis added).  Comment a to section 920A further explains:

> [i]f a tort defendant makes a payment toward his tort liability, it of course has the effect of reducing that liability.  This is also true of payments made under an insurance policy that is maintained by the defendant, whether made under a liability provision or without regard to liability, as under a medical-payments clause.  This is also true of a payment by another tortfeasor of an amount for which he is liable jointly with the defendant or even by one who is not actually liable to the plaintiff if he is seeking to extinguish or reduce the obligation.  The rule applies to benefits other than cash payments.

Restatement (2d) Torts § 920A, comment a.  Accordingly, it is clear that payments made under an insurance policy maintained by the defendant are credited against the defendant's tort liability.  Similarly, a payment made on behalf of a defendant should be credited towards his tort liability.

The Third Circuit also addressed a similar situation in Wagner v. Reading Company, 428 F.2d 289 (3d Cir. 1970).  In Wagner, the Plaintiff contended that the trial court had erred in permitting the defendant to show that it paid the plaintiff's medical bills which were introduced

into evidence, especially since the defendant was reimbursed for those expenses by an insurance carrier. Id. at 292, n.7. The Court found that while the collateral source rule permits a plaintiff to recover expenses even though he has been reimbursed by his own insurance carrier, or where a showing has been made that the defendant itself has paid the bills as a gift, there is no authority for the proposition that payment by the defendant's insurance carrier qualifies as a collateral source and permits plaintiff to recover for damages already paid by the defendant. Id. Courts of other jurisdictions have reached similar results. See e.g., McClean v. Runyon, 222 F.3d 1150, 1156 (9th Cir. 2000) (holding that the collateral source rule does not apply when the workers' compensation benefits plaintiff received were paid from a fund that was ultimately reimbursed by the defendant); Kritzen v. Flender Corp., 589 N.E.2d 909, 922 (Ill. App. 1992) (finding that the court improperly failed to take into account the fact that the defendant had funded the workers' compensation insurance premiums underlying the plaintiffs' benefits when making an evidentiary ruling at trial).

    In this action, Defendant Buena Vista agreed to, and did, fund the workers' compensation premiums that were paid to Chubb for production labor, such as Mr. Callahan, working on its production of Beauty & the Beast. By doing this, Buena Vista took responsibility for covering medical care and lost wages for any employee that was injured while working on its production. Indeed, the same workers' compensation insurance that was funded by Buena Vista paid Mr. Callahan's medical expenses and lost wages. Pennsylvania caselaw and theories of fair compensation preclude plaintiff from seeking recovery from Buena Vista for these same expenses. If Buena Vista is forced to pay these expenses at trial – expenses that it has already funded by way of workers' compensation premiums – it will be subject unfairly to double liability.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants B.V. Ventures and Buena Vista requests that this Court preclude Plaintiff from offering evidence of damages that were paid via workers' compensation.

January 16, 2003                                                    _____
                                                                                 Nancy H. Marvel
                                                                                 Attorney Identification No. 74916
                                                                                 Dwayne F. Stanley
Of Counsel:                                                          Attorney Identification No. 86081
James M. Altieri, Esq.                                          DRINKER BIDDLE & REATH LLP
                                                                                 One Logan Square
                                                                                 18th and Cherry Streets
                                                                                 Philadelphia, Pennsylvania  19103-6996

                                                                                 Attorneys for Defendants
                                                                                 Buena Vista Theatrical Group, Ltd.
                                                                                 and B.V. Theatrical Ventures, Inc.

## **CERTIFICATE OF SERVICE**

I, Nancy Harris Marvel, hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Defendants' Motion in Limine To Preclude Plaintiff from Seeking Damages For Losses That Were Paid by Workers' Compensation Insurance to be served upon the following person by facsimile and first class mail:

>Thomas E. Kopil. Esq.
>Timby, Haft, Kopil & Sacco
>The Barclay Building
>330 South State Street
>Newtown, PA 18940

Dated: January 16, 2003

Nancy Harris Marvel